**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**HENNESSY CHRISTOF (#595808)**    **CIVIL ACTION NO.**

**VERSUS**    **23-296-JWD-EWD**

**TIMOTHY HOOPER, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILEWRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 9, 2024.

/s/ Erin Wilder-Doomes
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**HENNESSY CHRISTOF (#595808)**          **CIVIL ACTION NO.**

**VERSUS**                                **23-296-JWD-EWD**

**TIMOTHY HOOPER, ET AL.**

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

This matter comes before the Court on the Complaint of Plaintiff Hennessy Christof ("Christof").[1] As a suit under 42 U.S.C. § 1983 is not the proper way for Christof to challenge his conviction by non-unanimous jury verdict and monetary damages are not available, it is recommended that this case be dismissed under 28 U.S.C. §§ 1915(e) and/or 1915A as legally frivolous and for failure to state a claim. To the extent Christof has pleaded any state law claims, it is recommended that the Court decline to exercise supplemental jurisdiction over those claims.

Christof brought this suit against Timothy Hooper; state court judge Donald Johnson; and Christof's defense attorney, Robert W. Tucker, Sr. (collectively "Defendants"), under 42 U.S.C. § 1983. Christof alleges that Johnson and Tucker violated his constitutional rights by allowing him to be convicted by a non-unanimous jury in 2011 and that Hooper is violating his constitutional rights by keeping him in custody for the same reason.[2] Christof alleges that convicting, and keeping those convicted by a non-unanimous juries incarcerated, amounts to conspiracy of murder, false imprisonment, and kidnapping.[3] He also alleges the conviction by a non-unanimous jury and incarceration amounts to discrimination.[4] Christof asks for declaratory, injunctive, and monetary relief.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 8-11.
[3] R. Doc. 1, p. 11.
[4] R. Doc. 1, p. 11.
[5] R. Doc. 1, pp. 11-12.

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6] The screening process under §§ 1915A and 1915(e) gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of civil Procedure 12(b)(6).[7] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[11]

---

[6] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Pea was granted IFP status on March 8, 2023, so both statutes apply. R. Doc. 3.
[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

According to Christof, he was convicted by a non-unanimous jury in 2011.[12] He notes that, in 2020, the United States Supreme Court held that non-unanimous jury verdicts are unconstitutional and argues that because non-unanimous jury verdicts violate the constitution, the state trial court lacked jurisdiction to convict him. He also argues that his incarceration has been in violation of his constitutional rights since the conviction by non-unanimous jury.[13] To the extent Christof challenges his conviction and seeks declaratory or injunctive relief, the proper way to challenge a state criminal conviction and seek release is through an application for a writ of habeas corpus brought under 28 U.S.C. § 2254.[14]

Although a § 1983 suit may be considered a habeas application in some situations, it would not be proper to do so in this case. Christof already filed a habeas corpus application under 28 U.S.C. § 2254 that was dismissed with prejudice on March 30, 2021.[15] A claim presented in a second or successive habeas application that was not presented in an earlier application must be dismissed unless … the applicant shows that the claim relies on a new rule of constitutional law, *made retroactive* to cases on collateral review by the Supreme Court, that was previously unavailable.[16] While Christof is correct that the United States Supreme Court held in 2020 that non-unanimous juries in criminal trials are unconstitutional,[17] in 2021 the Supreme Court held that this rule was *not* retroactive to cases on collateral review.[18] This means that Christof cannot meet

---

[12] R. Doc. 1, pp. 8-11.
[13] R. Doc. 1, p. 10.
[14] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also, Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 498 ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").
[15] *Hennessy Christof v. Darrel Vannoy*, No. 18-145 (M.D. La.), R. Docs. 37, 38.
[16] 28 U.S.C. § 2244(b)(2)(A).
[17] *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390 (2020).
[18] *Edwards v. Vannoy*, 593 U.S. ---, 141 S.Ct. 1547 (2021).

the requirements of 28 U.S.C. § 2244(b)(2)(A), even if his § 1983 Complaint were considered an application for a writ of habeas corpus.

To the extent Christof seeks monetary damages, that relief is also not available. In *Heck v. Humphrey*,[19] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment cannot be brought under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[20] Christof's claims attack the constitutionality of his imprisonment by virtue of a conviction by non-unanimous jury, but as noted above, his conviction or sentence has not been reversed, expunged, declared invalid, or called into question in any way. As Christof's request for monetary damages under § 1983 based on his challenge to the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, that claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

To the extent Christof brings state law claims in this case,[21] a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Christof's federal claims be dismissed for failure to state a claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

---

[19] 512 U.S. 477 (1994).
[20] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[21] Christof makes claims for "the torts of 'conspiracy of murder, false imprisonment, and kidnapping …'", which would appear to be state law claims. R. Doc. 1, p. 9.

4

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and/or 1915A.[22]

## ORDER

Christof recently filed a Motion for Leave to Supplement the Complaint,[23] but the Motion does not add any facts to the original Complaint[24] and the problems with the original Complaint cannot be cured by amendment. Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[25] For these reasons,

**IT IS ORDERED** that the Motion for Leave to Supplement the Complaint,[26] filed by Hennessy Christof, is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 9, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Christof is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.
[23] R. Doc. 4.
[24] The Motion seems to be requesting to add a claim for conspiracy to violate civil rights under 42 U.S.C. § 1985.
[25] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).
[26] R. Doc. 4.